DA 10-0239

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 269N

STATE OF MONTANA,

       Plaintiff and Appellee,

v.

LOUIS DEROSIER,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                   In and For the County of Missoula, Cause No. DC 09-333
                   Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Joslyn Hunt, Chief Appellate Defender; Shiloh Hernandez, Assistant
              Appellate Defender, Helena, Montana

       For Appellee:

              Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
              Attorney General, Helena, Montana

              Fred R. Van Valkenburg, Missoula County Attorney; Patricia Power, Deputy
              County Attorney, Missoula, Montana

                          Submitted on Briefs:  November 17, 2010
                                  Decided:  December 21, 2010

Filed:

               _____
                              Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 A jury in the Fourth Judicial District Court, Missoula County, convicted Defendant-Appellant Louis Derosier (Derosier) of Driving While Under the Influence of Alcohol (DUI). We affirm.

¶3 Derosier raises the following issues on appeal:

¶4 Issue 1: Whether the admission of Derosier's pre-*Miranda* confession constitutes plain error?

¶5 Issue 2: Whether the admission of Derosier's post-*Miranda* confession constitutes plain error?

¶6 Issue 3: Whether trial counsel rendered ineffective assistance of counsel?

¶7 Issue 4: Whether the prosecutor's comment in closing argument constitutes plain error?

¶8 In June 2009, Sergeant Jason Hildenstab (Hildenstab), a Montana Highway Patrolman, stopped Derosier for speeding. Derosier did not have insurance, and his driver's license was revoked. Hildenstab arrested Derosier for Driving While License Suspended or Revoked. While placing Derosier in the back of his patrol car, Hildenstab became suspicious

2

that Derosier had been drinking: Derosier's breath smelled of alcohol, and his eyes were bloodshot and glassy. Hildenstab asked Derosier whether he had been drinking. Initially, Derosier denied drinking any alcohol, but shortly later, he admitted to having had one or two drinks. Hildenstab transported Derosier to the Missoula County Detention Center. Hildenstab's in-car camera captured the above exchange; however, at trial, both parties stipulated that the audio would be muted.

¶9 At the jail, Hildenstab conducted a DUI investigation of Derosier. According to Hildenstab, after Derosier performed the Standardized Field Sobriety Tests (all of which he failed), it was apparent to him that Derosier was under the influence of alcohol. Based upon his observations and resulting suspicion that Derosier was under the influence of alcohol, Hildenstab requested that Derosier take a breath test. Derosier refused, stating he was "screwed anyways." Derosier also disclosed that he was under the influence of alcohol, but was not wasted. After Hildenstab advised Derosier of his *Miranda* rights, Derosier agreed to speak with him and admitted that he had consumed two Twisted Teas that afternoon.

¶10 At trial, Derosier testified that he had consumed around four Twisted Teas. He acknowledged that he had admitted to Hildenstab that he was under the influence of alcohol. In addition, he testified at trial that he had wanted to provide a breath sample at the jail. During closing arguments, the prosecutor addressed Derosier's claim that he had wanted to take the breath test: "The only evidence to support that assertion is . . . [Derosier's] testimony. And as we've seen today that's unreliable, at best."

3

¶11 On appeal, Derosier argues that admission of his pre-*Miranda* statements violated his right against self-incrimination, and the State's repeated use of those statements compromised the fundamental fairness of his trial. Derosier asserts that his post-*Miranda* statements were obtained through the use of an unconstitutional two-step interrogation process and that admission of those statements at trial compromised the fundamental fairness of his trial. Derosier argues that his counsel's failure to exclude the State's use of the above statements constitutes ineffective assistance of counsel. Finally, Derosier maintains that the prosecutor's comment constitutes misconduct and plain error.

¶12 The State claims that because the audio of the roadside stop was muted, the record on appeal is not sufficient to establish whether the pre-*Miranda* statements Derosier made were given without *Miranda* warnings or whether, therefore, his post-*Miranda* statements were the product of an illegal interrogation process. The State maintains that regardless, admission of the statements was harmless because significant admissible evidence existed that was more incriminating. The State urges us to reject Derosier's ineffective assistance of counsel claim because he has failed to establish that he suffered any prejudice from the admission of the statements. Finally, the State asserts that the prosecutor's comment was within the latitude given to prosecutors and does not constitute plain error.

¶13 Generally, this Court does not address issues raised for the first time on appeal. *State v. Taylor*, 2010 MT 94, ¶ 12, 356 Mont. 167, 231 P.3d 79. However, under the common law plain error doctrine, regardless of a criminal defendant's failure to object at trial, we may review a claimed error that implicates a defendant's fundamental rights and where failing to

4

conduct such review " 'may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.' " *Id.* at ¶¶ 12-14 (quoting *State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996)). "The alleged error must leave [us] 'firmly convinced' that some aspect of the trial, if not addressed, would result in [one of the *Finley* consequences]." *Id.* at ¶ 17 (quoting *State v. Godfrey*, 2004 MT 197, ¶ 38, 322 Mont. 254, 95 P.3d 166).

¶14    Ineffective assistance of counsel claims involving counsel's alleged omissions at trial frequently are not suitable for direct appeal. *State v. Rovin*, 2009 MT 16, ¶ 34, 349 Mont. 57, 201 P.3d 780. If the claim is not record-based or if the record does not fully explain why counsel failed to take an action, post-conviction proceedings are the appropriate forum in which to address the matter. *Id*.

¶15    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The legal issues are clearly controlled by settled Montana law. We are not "firmly convinced" that certain aspects of Derosier's trial—the admission of Derosier's statements and the prosecutor's comment—if not corrected, would result in a manifest miscarriage of justice, call into question the fairness of the trial, or compromise the integrity of the judicial process. Therefore, we decline to apply plain error review. Further, a post-conviction proceeding is the appropriate forum in which to address Derosier's ineffective assistance of counsel claim.

¶16    Affirmed.

/S/ MICHAEL E WHEAT


We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ JAMES C. NELSON